

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM
F.#2008R01143

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 3, 2012

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Joseph Caponegro
          Criminal Docket No. 10-166 (CBA)

Dear Chief Judge Amon:

    The government respectfully submits this letter in response to the defendant's motion dated June 28, 2012 in which he seeks bail pending appeal.

    The standard governing a defendant's release or detention pending appeal is set forth in 18 U.S.C. § 3143, which "reverse[s] the presumption in favor of bail [pending appeal]." United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985); see also United States v. Randell, 761 F.2d 122, 124-25 (2d Cir. 1985). The statutory presumption of detention pending appeal means that "the defendant now has the burden of pro[of]," Miller, 753 F.2d at 24, and must be detained pending appeal unless the court finds, inter alia, (1) that there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community and (2) that the appeal raises a "substantial question of law or fact" and that the substantial question "is likely to result in reversal." Id. See also Randell, 761 F.2d at 125.  The Court of Appeals has explained that the word "substantial" in Section 3143 means "of more substance than would be necessary to a finding that it was not frivolous.  It is a 'close' question or one that very well could be decided the other way." Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).

    In this case, the defendant contends that the Court committed procedural error "when it selected his sentence based primarily on Mr. Caponegro's arrest for simple assault." (Caponegro Let. at 4).  The record of the sentencing proceeding

2

makes clear, however, that the Court considered a variety of factors in arriving at the defendant's sentence, including the nature of the underlying offense, the defendant's history and characteristics, and the government's motion filed pursuant to § 5K1.1 of the United States Sentencing Guidelines.  The Court then imposed a sentence that was substantially below the applicable sentencing guidelines range.  Under these circumstances, his sentence was procedurally and substantively reasonable.  Caponegro thus cannot meet his burden to prove that his appeal raises a "substantial question of law or fact" and that the substantial question "is likely to result in reversal." <u>Miller</u>, 753 F.2d at 24.

For these reasons, the government respectfully submits that Caponegro's motion for bail pending appeal should be denied.

                                Respectfully submitted,

                                LORETTA E. LYNCH
                                United States Attorney

                        By: _____
                             Taryn A. Merkl
                             Assistant U.S. Attorney
                             (718) 254-6064

cc:    Gerald M. Saluti, Esq. (by email)
       Jennifer Bonjean, Esq. (By facsimile)